[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This action was brought by the plaintiff, Diane Cannato, as next friend and guardian of Melissa Vantine, a minor ("plaintiff"), against the defendants, the Board of Education for the City of Stamford ("Board of Education"). Bruce Tucci, the principal of Westhill High School ("principal") and William Burns, the head custodian ("custodian") and the City of Stamford CT Page 6515 ("City"). The plaintiff alleges that the minor was injured when she slipped and fell on condensation That accumulated on the stairs inside Westhill High School.
The defendants filed a motion to strike various counts of the plaintiff's substituted complaint. At short calendar, the parties agreed that at this point, the motion to strike is only pending with regard to the first and second counts of the substituted complaint. The defendants argue that the first and second counts should be stricken "on the grounds that the Board of Education, and the Principal of a school are engaged in discretionary supervisory functions for which they have governmental immunity as a matter of law."
The motion to strike is used to test the legal sufficiency of any pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); Practice Book § 10-39
(formerly § 152). The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint, or count thereof, to state a claim upon which relief may be granted. SeePeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270, 709 A.2d 558 (1998); Practice Book § 10-39
(a)(1) (formerly § 152(1)).
"[F]or the purposes of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. FuscoCorp. , 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see alsoFerryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "Although the motion to strike admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Quimby v. Kimberly ClarkCorp. , 28 Conn. App. 660, 664, 613 A.2d 838 (1992). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., supra,196 Conn. 108-09.
"In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.)Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). "A motion to strike is properly granted if the CT Page 6516 complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendants move to strike the first and second counts of the plaintiff's substituted complaint on the ground that the Board of Education and the principal of a school are shielded from liability by the doctrine of governmental immunity. "The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees. [A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but may be liable if he misperforms a ministerial act as opposed to a discretionary act. . . . The word `ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Alterations in original; citations omitted in original; internal quotation marks omitted.) Burns v. Board ofEducation, 228 Conn. 640, 645, 638 A.2d 1 (1994). In other words, if the defendants were performing acts which were ministerial, they would not be shielded from liability by the doctrine of governmental immunity.
The determination of whether an act or omission is ministerial or discretionary is a question of fact for the jury.Beach v. Regional School district number 13, 42 Conn. App. 542,553, 682 A.2d 118, cert. denied, 239 Conn. 939, 684 A.2d 710
(1996). In the present case, this determination is irrelevant because the analysis does not stop there and the result is the same. Assuming arguendo that a jury ware to find that the moving defendants, the Board of Education and the principal, were performing ministerial acts, the doctrine of governmental immunity would not shield them from liability. On the other hand, if a jury were to find that the defendants were performing discretionary acts, the doctrine of governmental immunity could
shield them from liability.
If a jury were to determine that the defendants' acts were discretionary, the analysis would proceed to the next step. A municipal employee enjoys "qualified immunity for discretionary acts." Burns v. Board of Education, supra, 228 Conn. 645. "To succeed in [a] claim of liability, . . . [a plaintiff] must be entitled to recover within one of the exceptions to . . . [the] qualified immunity for discretionary acts. Our cases recognize three such exceptions: "first, where the circumstances make it apparent to the public officer that his or her failure to act CT Page 6517 would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence.' (Citations omitted.) [Evon v. Andrews, Conn. 501, 505, 559 A.2d 1131 (1989)]." Burns v. Board of Education, supra,228 Conn. 645.
Once it is determined whether the acts or omissions were ministerial or discretionary, the practice of deciding the issue if governmental immunity is a matter of law. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). If it is determined that the defendants' acts were discretionary, the determination of whether the circumstance alleged fit within one of the prescribed exceptions to the doctrine of governmental immunity belongs to the court.
This case is analogous to the facts in the Burns case. The Supreme Court, in Burns v. Board of Education, supra,228 Conn. 640, held that "[a]t least during school hours on school days, when parents are statutorily compelled to relinquish protective custody of their children to a school board and its employees, the superintendent has the duty to protect the pupils in the board's custody from dangers that may reasonably be anticipated." Id., 649. The facts of the Burns case are similar to the facts of the present case. In Burns, the plaintiff, a student, was allegedly injured when he slipped and fell on an icy courtyard at his high school, during school hours.
The court determined that there is a "foreseeable class of victims" exception to the governmental immunity doctrine, and that the student was within that foreseeable class. The court held that "the plaintiff school child slipped and fell due to icy conditions on a main accessway of the school campus, during school hours, "while the child was compelled by statute to be on those school grounds. . . . [T]his accident could not have occurred at any time in the future; rather, the danger was limited to the duration of the temporary icy condition in this particularly `treacherous' area of the campus. Further, the potential for harm from a fill on ice was significant and foreseeable. Under these circumstances, we conclude that the plaintiff school child was one of a class of foreseeable victims to whom the superintendent owed a duty of protection in relation to the maintenance and safety of the school grounds, and CT Page 6518 accordingly governmental immunity was no defense." Id.
In the present case, the school child was allegedly injured when she slipped and fell on condensation which had accumulated on the stairs inside her high school. Here, like in the Burns case, the plaintiff claims that the defendants were careless and negligent, in that they breached their duty of care to keep the high school under proper maintenance and safety. This court concludes, as the honorable justices of the Supreme Court concluded in Burns, that the school child was "one of a class of foreseeable victims to whom [the defendants] owed a duty of protection in relation to the maintenance and safety of the school grounds." Id. Further, the "accident could not have occurred at any time in the future; rather it was limited to the duration" of the wet/slippery condition on the steps. As such, the doctrine of governmental immunity does not apply, and the defendants' motion to strike the first and second counts of the plaintiff's substituted complaint is denied.
D'ANDREA, J.